FILED
MAR 20 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

Donald M. Bird
Pro-Per
6775 Frates Way
Sacramento, CA 95831-1927

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

DONALD M. BIRD, PRO SE
Petitioner,

vs.

ROB BONTA, ATTORNEY GENERAL
STATE OF CALIFORNIA,
Respondent,

PETITION FOR WRIT OF MANDAMUS

2:23-cv-0525 KJM DB (PS)

The petitioner acknowledges that this mandamus will not lie to control the respondent Attorney General Rob Bonta in the discharge of their ordinary official duties nor to compel the respondent to perform any act over which they have the right to exercise their judgement or discretion.

The petitioner also acknowledges that the respondent cannot be compelled, by Writ of Mandamus to perform a mere ministerial act devolved on them by the laws of the State. However, the petitioner takes the unchallengeable position that the respondent must and should be ordered to support, defend and adhere to the United States Constitution as it is written, and interpret not this said document whenever it is convenient politically or for personal recognition. Obey your sworn "Oath."

Although the state cannot be sued (which in the opinion of recent court cases can be successfully argued) there is nothing in the nature of the Attorney General Rob Bonta, which prevents a suit against the person engaged in discharge of his duties. This is fully sustained by

the analogy of the doctrine of the Supreme Court of the United States in the case of Marbury vs. Madison.

The better doctrine seems to be, that the Attorney General's not an exception to the general rule that all public officers may, by mandamus, be compelled to perform an act clearly defined and enjoined by the law, and which is merely ministerial in its nature, and neither involves any discretion, or leaves and alternative. (Pacific Railroad v. Governor, 23 Miss. 353; Colten v. Ellis, 7 Jones' Law [N.C.}, 545; Chamberlain v. Sibley, 4 Min., 309; 7 O.S.R., 372.)

BARTLEY, C. J., in delivering the opinion of the court, said, "Can the Attorney General of the State be directed or controlled in his official action by proceedings in mandamus? It is claimed on the part of the defense, that, inasmuch as the government is, by the Constitution, divided into three separate and coordinate departments; the legislative, the executive, and the judicial: and inasmuch as each department has the right to judge of the Constitution and laws for itself, and each officer is responsible for an abuse or usurpation, in the mode pointed out of the Constitution, it necessarily follows, that each department must be supreme within the scope of its powers, and neither subject to the control of the other, for the manner in which it performs, or its failure to perform either its legal or constitutional duties. This argument is founded on theory rather than reality. That each of these coordinate departments has duties to perform, in which it is not subject to the controlling, or directing authority of wither of the others, must be conceded. But this independence arises from the grade of the officer performing the duties, but the nature of the authority exercised. Under our system of government, no officer is placed above the restraining authority of the law, which is truly sail to be universal on its behests, all paying it homage; the least as feeling its care, and the greatest as not exempt from its power. And it is only where the law has authorized it, that the retraining power of one of these coordinate

departments can be brought to operate as a check upon one of the others. The judicial power cannot interpose and direct in regard to the performance of an official act which rests in the discretion of any officer, whether executive, legislative or judicial."

In Marbury v. Madison, 1 Cranch Rep., 170, Chief Justice MARSHALL said: "It is not by the office of the persons to whom the writ is directed, but the nature of the thing to be done, that the propriety, or impropriety of issuing a mandamus is to be determined." The Constitutional provision declaring that 'the supreme executive power of the State shall be vested. There is nothing in the nature of the chief executive office of this state, Attorney General prevents the performance of some duties merely ministerial being enjoyed. While the authority of the Attorney General is supreme in the exercise of his political and executive functions which depends on the exercise of his own judgment or discretion, the authority of the 4 judiciary of the State is supreme and the determination of all legal questions involved in any matter judicially brought before it. This applies also to the Chief Law Enforcement Official of the State of California Attorney General Rob Bonta.

The petitioner (as well as the court should) support the view of the law of Mandamus. It expressly states the Writ shall be grantable where a citizen has a legal right to insist that a certain act shall be done, the performance of which is, by law made the duty of a public officer.

As it was a remedy introduced to prevent disorder from a failure of justice, in pursuance of the principles of the common law, it ought to now to be used upon all occasions where the law has established no specific remedy, and where in justice and in good government there ought to be one. If there by a right and no other specific remedy, this writ should not be denied by our courts. It may be stated as a general principle that this writ is only granted for public persons, and to compel the performance of public duties. (3 Stephens' Nisi Prius, 2291.) It can be

resorted to only in those cases where the matter in dispute, in theory, concerns the public, and in which the public has an interest. The degree of its importance to the public, is not, however scrupulously weighed. (1 Swift's Digest, 564.) A mandamus gives no right, not even a right of possession, but simply puts a man in a position which will enable him to assert his right, which in some cases he could not do without it.

In order to lay the foundation for issuing a Writ of Mandamus, there must have been a refusal to do that which it is the object of the mandamus to enforce, either in direct terms, or by circumstances distinctly showing an intention in the part not to do the act required. (3 Stephens' Nisi Prius, 2292. Redfield on Railways, 441, Note 5.)

And although the power to issue a mandamus is not in America regarded as a prerogative power yet the writ so far partakes of the nature of a prerogative writ, that the court has the power to issue or withhold it, according to its discretion. And if issued, it would manifestly be attended with hardship and difficulties, the court may, and even should refuse it. (Ex-parte Fleming, 4 Hill 581.) Not in this case.

But this discretion is not an arbitrary one, it is a judicial discretion; and when there is a right, and the law has established no specific remedy, this writ should not be denied. (The Proprietors of St. Luke's Church v. Slack, 7 Cushing's Rep., 226.)

However, therefore, the respondents in the exercises of the Supreme Executive Power of the State may, from the respondents duties, they have a discretion which places them beyond the control of the judicial power, yet in regard to a mere ministerial duty enjoined on them by statute, which might have been devolved on another officer of the state (as of State Senator or Congressman or Assemblyman) and affecting any specific Private Right they may be made amendable to the compulsory process of the court of mandamus.

The oath must apply to every affected citizen. The petitioner supports the position that the Constitution is the Supreme Law of the United States of America, and no court is entitled to support any person, public or private, to abridge this cornerstone of our Republic. If the respondent, Attorney General, act in a ministerial capacity and they violate any Constitutional Right, they are not exempt from the power of the Writ of Mandamus. Cite case Low vs. Town Georgia 360, People vs. Bissel 19 til 229.

The petitioner states that to simply define and declare what are the Rights of the Citizen is not the only object of Civil Government; and it meets only a part of the wants and needs of a citizenry.

An equally important branch of the civil and criminal juris prudence of a civilized nation is the remedy provided by law for those who have been deprived of their rights. That remedy which comes nearest to restoring to the party that of which has been deprived approaches nearest a perfect remedy.

In this Petition of Mandamus, the petitioner only seeks acknowledgement of all his Constitutional Rights be supported. NO EXCEPTIONS.

It is specifically requested from this court to order the respondents to comply with this Petition. Obey your oath. Return all weapons, ammunition, and magazines, and order the other demands in the federal law complaint. See attached to the closing of this Writ of Mandamus.

Dated 19 of MARCH 2023.

Donald M. Bird, Petitioner
Pro-Se

EXHIBIT A

EXECUTIVE DEPARTMENT
STATE OF CALIFORNIA

FILED
in the office of the Secretary of
of the State of California
APR 26 2021
By [signature]
Deputy Secretary of State

**OATH OF OFFICE**

**ATTORNEY GENERAL**

To fill the vacancy created upon the resignation of
Xavier Becerra, for the term fixed by law

I, **ROB BONTA**, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States and the Constitution of the State of California against all enemies, foreign and domestic; that I will bear true faith and allegiance to the Constitution of the United States and the Constitution of the State of California; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties upon which I am about to enter.

SIGNED AND SUBSCRIBED on this 23rd day of April 2021:

[signature]

ROB BONTA
Attorney General

ADMINISTERED BY AND BEFORE:

legislature. Until the replacement is approved, the former officeholder's chief deputy exercises the office.[12]

**California Constitution, Article 5, Section 5b**

*Whenever there is a vacancy in the office of the Superintendent of Public Instruction, the Lieutenant Governor, Secretary of State, Controller, Treasurer, or Attorney General, or on the State Board of Equalization, the Governor shall nominate a person to fill the vacancy who shall take office upon confirmation by a majority of the membership of the Senate and a majority of the membership of the Assembly and who shall hold office for the balance of the unexpired term. In the event the nominee is neither confirmed nor refused confirmation by both the Senate and the Assembly within 90 days of the submission of the nomination, the nominee shall take office as if he or she had been confirmed by a majority of the Senate and Assembly; provided, that if such 90-day period ends during a recess of the Legislature, the period shall be extended until the sixth day following the day on which the Legislature reconvenes.*

# Duties

The attorney general acts as the state's chief law officer and oversees the California Department of Justice. He or she supervises the state's district and city attorneys, as well as its law enforcement officers. The attorney general may personally prosecute any case that would normally be handled by a district or city attorney and represents the state in all cases before the California Supreme Court. Additionally, the attorney general is responsible for issuing formal legal advice to state agencies and officers.[13]

The attorney general also has a policymaking role in state law enforcement and "establishes and operates projects and programs to protect Californians from fraudulent, unfair, and illegal activities that victimize consumers or threaten public safety."[1] Examples include the Medi-Cal Fraud & Elder Abuse, Megan's Law (sex offenses), California's Most Wanted and Campaign Against Marijuana Planting programs.[14]

He or she also fulfills a number of administrative duties, including preparing an annual report for the governor of California on the state of his department, calling meetings of state law enforcement officers and disposing of property forfeited to the state by court judgments.[15]

**2. The court fails to rely on the Constitution as its supreme authority.**

The final full paragraph of the decision states:

> **We need not resolve this debate, however, because we must follow the binding Supreme Court precedent.** *See Tenet v. Doe*, 544 U.S. 1, 10-11 (2005). **And under that precedent, Executive and Legislative responses to and consideration of petitions are entrusted to the discretion of those Branches. (Pg.9)**

Rather than rely on the entire Petition Clause as provided in the Constitution, as aforesaid, this court abandons that consideration and turns to "binding Supreme Court precedent" which holds that "Executive and Legislative responses to and consideration of petitions are entrusted to the discretion of those Branches." As the guardian of petitioners' rights, the federal court had the responsibility of overruling that "precedent" as violative of the Constitution. Court precedent is **not** binding if it violates the Constitution.

The concurring judge even stated:

> **Even where the plain text yields a clear interpretation, the Supreme Court has rejected a pure textualist approach in favor of an analysis that accords weight to the historical context and the underlying purpose of the clause at issue. (Concurring Opinion, Pg.1)**

Rather than considering the Constitution for what it clearly says in its text, this court turns to "weight to the historical context" and "underlying purpose of the clause at issue." The clear "underlying purpose of the clause at issue" in this case is shown in the clause itself. No other "underlying purpose" need be conjured up. The "weight to the historical context" can mean whatever the judges want it to mean--that's a very vague and subjective standard not deserving of the Constitution. Thomas Jefferson said:
"Let no more be heard of confidence in men, but rather bind them down by the chains of the Constitution."

The Constitution stands on its own except with reference to the Declaration of Independence upon which it is based. The DOI sets forth the origin of government, to wit, "...That to secure these rights, governments are instituted among men, deriving their just powers from the consent of the governed. ..." This institution of government is done by charter, i.e., the Constitution which establishes the consent of the People to their government. The Constitution establishes everything anew and does away with the historical tyranny under English law. It does not require any crutch, such as an "historical context" in the subjective opinion of judges, upon which to maintain its integrity. Indeed, all judges are

Relying on anything other than the Constitution, and going beyond the limitations of the Constitution in making this decision renders it null and void. One need not look beyond the Petition Clause itself to determine its full meaning and intention.

**THE COMPLAINT**

On April 19, 2021, the D.O.J. arrived at the residence of Philomena McGee and the residence of Donald Bird (6775 Frates Way, Sacramento, CA). I identified myself and asked what and why they paid us a visit? I was told they wanted to search the property. I suspected this to be related to the 3rd restraining order.

I was standing at the open garage door. The three D.O.J. agents asked if they could look around. They appeared to be professional and polite. I knew then the reason they "visited" us. I stated, it was okay to look around. At that time, my wife, Penny, and the owner of the property was in the back bathroom and did not hear of any of this conversation. When they agents began to open the 4 drawer records-cabinet they discovered some small handguns. I mentioned at that time the guns belonged to my wife, Penny. This included the ammo and clips. Without any other conversation, the 3 agents entered the kitchen area and went into the dining area. They began looking into all drawers, bookcases and filing cabinets. They removed other small handguns and ammo. Then they went down the hall after looking into the front bedroom, Penny's computer office, etc. Then looking into the small bedroom and then into the master bedroom and closet. They found nothing because there weren't any weapons. The reason was I stored all the weapons where they could be found. Reason? To protect myself because of 3rd restraining order. All weapons were gifted to my wife Penny, 5 years earlier from my 1st restraining order on another matter.

They left and Kimberly stated all weapons, ammo, magazines would be returned.

**Conclusions of Law to use in your affidavits**

"Silence can only be equated with fraud when there is a legal or moral duty to speak, or when an inquiry left unanswered would be intentionally misleading... We cannot condone this shocking conduct... If that is the case we hope our message is clear. This sort of deception will not be tolerated and if this is routine it should be corrected immediately"
U.S. v. Tweel, 550 F2d 997, 299-300

"Fraud: An intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right."
Black's 5th, 594 (emphasis added.)

"Where a party desires to rescind upon the grounds of mistake or fraud he must upon the discovery of the facts, at once announce his purpose, and adhere to it."
Grymes v Saunders, 93 US 55, 62.

"...If they proposed to rescind, their duty was to assert that right promptly, unconditionally, and invasively,"
Richardson v. Lowe, 149 Fed Rep 625, 627-28.

"Fraud vitiates the most solemn contracts, documents, and even judgments."
U.S. vs. Throckmorton, 98 U.S. 61.
documents"; ("Constitutions")

"Fraud maybe committed by failure to speak, but a duty to speak must be imposed,"
Dunahay v. Struzik, 393 P.2d 930, 96 Ariz. 246 (1964).

"Fraud" may be committed by a failure to speak when the duty of speaking is imposed as much as by speaking falsely."
Batty v Arizona State Dental Board, 112 P.2d 870, 57 Aria. 239. (1941)

"When one conveys a false impression by disclosure of some facts and the concealment of others, such concealment is in effect a false representation that what is disclosed is the whole truth."
State v Coddington, 662 P.2d 155,135 Ariz. 480. (Ariz. App. 1983)

"Suppression of a material fact which a party is bound in good faith to disclose is equivalent to a false representation."
Leigh v. Loyd, 244 P.2d 356, 74 Ariz. 84- (1952)

"When one conveys a false impression by disclosure of some facts and the concealment of others, such concealment is in effect a false representation that what is disclosed is the whole truth."
State v. Coddington, 662 P.2d 155,135 Ariz. 480 (Ariz. App. 1983)