1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONALD M. BIRD,                              No.  2:23-cv-0525 KJM DB PS

12                  Plaintiff,

13          v.                                    ORDER AND

14   ROB BONTA, Attorney General state of        FINDINGS AND RECOMMENDATIONS
     California,
15

16                  Defendant,

17

18          Plaintiff Donald Bird is proceeding in this action pro se.  This matter was referred to the

19   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

20   before the undersigned are defendant's motion to dismiss pursuant to Federal Rules of Civil

21   Procedure ("Rule") 12(b)(1) and 12(b)(6), and numerous filings by plaintiff styled as motions.

22   For the reasons stated below, plaintiff's motions are denied, and the undersigned recommends

23   that defendant's motion to dismiss be granted, and that plaintiff not be granted leave to amend.

24                                         **BACKGROUND**

25          Plaintiff, proceeding pro se, commenced this action on March 20, 2023, by filing a

26   "Petition for Writ of Mandamus" and paying the applicable filing fee.  (ECF No. 1.)  Attached to

27   the petition is "THE COMPLAINT" which alleges that on April 19, 2021, "the D.O.J. arrived at

28

                                                    1

1   the residence of Philomena McGee." (Compl. (ECF No. 1) at 9.[1])  Plaintiff identified himself,

2   "was told they wanted to search the property," which plaintiff "suspected . . . to be related to this

3   3rd restraining order." (Id.)  Plaintiff "stated, it was okay to look around." (Id.)  The agents

4   confiscated "small handguns and ammo," and plaintiff was told "all weapons, ammo, magazines

5   would be returned." (Id.)  Plaintiff's filing requests "this court to order" the California Attorney

6   General "to comply with this Petition" by returning "all weapons, ammunition, and magazines" to

7   the plaintiff.[2]  (Id. at 5.)

8        On May 1, 2023, defendant California Attorney General Rob Bonta filed a motion to

9   dismiss. (ECF No. 7.)  Thereafter plaintiff filed various documents styled as "Motions," which

10  the undersigned has reviewed and construed as plaintiff's opposition.[3]  (ECF Nos. 11, 13, 15-20.)

11  On July 15, 2023, defendant's motion to dismiss was taking under submission. (ECF No. 14.)

12  **STANDARDS**

13  **I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

14       Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by

15  motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific

16  claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may

17  either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

18  existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,

19  594 F.2d 730, 733 (9th Cir. 1979).

20  ////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] Plaintiff previously filed a lawsuit related to this search which was dismissed with prejudice. See McGee v. Mansfield, et al., No. 2:22-cv-1456 KJM KJN PS.

[3] Plaintiff's filings do not comply with the Federal Rules of Civil Procedure or the Local Rules. In this regard, none of the motions were noticed for hearing.  Moreover, the motions seek such relief as that this action "NOT BE DISMISSED UNITL WE HAVE BEEN JUDGED BY A JURY." (ECF No. 15 at 1.)  That "YOU JUDGES OBEY YOUR OATH." (ECF No. 18 at 1.)  And that "ALL YOU PEOPLE OBEY THE FOLLOWING STATEMENT: THIS VETERAN IS DENIED ONE OF HIS BENEFITS." (ECF No. 19 at 1.)  Although the undersigned is cognizant of the challenges faced by pro se litigants, plaintiff's filings are deficient and will be denied.

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

## II.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

////

3

1   the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v.</u>

2   <u>Iqbal</u>, 556 U.S. 662, 678 (2009).

3          In determining whether a complaint states a claim on which relief may be granted, the

4   court accepts as true the allegations in the complaint and construes the allegations in the light

5   most favorable to the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Love v.</u>

6   <u>United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less

7   stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519,

8   520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the

9   form of factual allegations. <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th

10  Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than

11  an unadorned, the defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. A

12  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

13  elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555; <u>see also Iqbal</u>, 556 U.S. at 676

14  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

15  statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

16  facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

17  not been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>,

18  459 U.S. 519, 526 (1983).

19                                              **ANALYSIS**

20  **I.      Defendant's Motion to Dismiss**

21          Review of the parties' briefing finds that defendant's motion to dismiss should be granted

22  for several reasons. First, the only factual allegations found in the complaint are those recounted

23  above. The remainder of plaintiff's filing consists of vague and conclusory references to legal

24  principles and authority. And, aside from plaintiff's statement that this action is for a writ of

25  mandamus, no claim against the defendant is alleged.

26          Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

27  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

28  state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); <u>Jones v.</u>

1  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

2  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

3  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

4  enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

5  557).  A plaintiff must allege with at least some degree of particularity overt acts which the

6  defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

7         Here, the complaint fails to allege facts that state the elements of a claim plainly and

8  succinctly.  With respect to plaintiff's reference to a writ of mandamus, pursuant to 28 U.S.C. §

9  1361 "district courts shall have original jurisdiction of any action in the nature of mandamus to

10  compel *an officer or employee of the United States* or any agency thereof to perform a duty owed

11  to the plaintiff."  (emphasis added).  The California Attorney General is not an officer or

12  employee of the United States but is instead a state official.  "Federal district courts . . . lack

13  authority to direct state courts, state judicial officers, or other state officials in the performance of

14  their duties."  RANDALL SHULER, Plaintiff, v. THE HONORABLE STUART J. SCOTT, et

15  al., Defendants., Case No. 22-cv-7652 VKD, 2023 WL 8600707, at *9 (N.D. Cal. Dec. 12, 2023);

16  see also Demos v. U.S. Dist. Court For Eastern Dist. of Washington, 925 F.2d 1160, 1161-62 (9th

17  Cir. 1991) ("to the extent that Demos attempts to obtain a writ in this court to compel a state court

18  to take or refrain from some action, the petitions are frivolous as a matter of law").  This court has

19  previously advised plaintiff of this fact.  See Bird v. Newsom, No. 2:20-cv-0351 KJM KJN PS,

20  2021 WL 1315247, at *2 (E.D. Cal. Apr. 8, 2021) ("plaintiff has been informed in the past, the

21  federal court cannot issue a writ of mandamus commanding action by a state or its agencies").

22         Accordingly, plaintiff's complaint fails to state a claim upon which relief can be granted.[4]

23  ////

24  ////

_____

25  [4] According to defendant's motion to dismiss, "California has an established process" for the
return of the items plaintiff seeks.  (Def.'s MTD (ECF No. 7-1) at 12.)  Plaintiff "may submit a
26  formal Law Enforcement Release ('LER') Application, which is publicly available on the
California Attorney General's website and may be submitted through the online California
27  Firearms Application Reporting System."  (Id.)  According to defendant, plaintiff has elected "not
to avail himself of this process."  (Id.)
28

## II.     Leave to Amend

The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988); <u>see also</u> <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, in light of the defects noted above and plaintiff's litigation history, the undersigned finds that granting plaintiff leave to amend would be futile.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's June 12, 2023 motion demanding this case will not be dismissed (ECF No. 11) is denied;

2.  Plaintiff's July 7, 2023, motion demanding a jury trial (ECF No. 13) is denied;

3.  Plaintiff's August 3, 2023 motion demanding this case not be dismissed (ECF No. 15) is denied;

4.  Plaintiff's August 10, 2023 motion to show cause (ECF No. 16) is denied;

5.  Plaintiff's August 31, 2023 motion demanding all people obey (ECF No. 17) is denied;

6.  Plaintiff's October 2, 2023 motion demanding judges obey (ECF No. 18) is denied;

7.  Plaintiff's November 22, 2023 motion demanding all people obey (ECF No. 19) is denied; and

8.  Plaintiff's December 7, 2023 motion to return all waivers (ECF No. 20) is denied.

Also, IT IS HEREBY RECOMMENDED that:

1.  Defendant's May 1, 2023 motion to dismiss (ECF No. 7) be granted;

2.  The complaint filed March 20, 2023 (ECF No. 1) be dismissed without leave to amend; and

3.  This action be closed.

////

1       These findings and recommendations are submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3  after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6  shall be served and filed within fourteen days after service of the objections.  The parties are

7  advised that failure to file objections within the specified time may waive the right to appeal the

8  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  Dated:  December 21, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\bird0525.mtd.f&rs

7